UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-01733-CBM (KES) | Date | August 12, 2016 |
| Title | Paul Richardson v. Board of Prison Hearings | | |

Present: The Honorable   Karen E. Scott, United States Magistrate Judge

| Jazmin Dorado | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers) re Order to Show Cause why Petition should not be dismissed for lack of exhaustion

Petitioner is a pro se inmate currently confined at California Institute for Men in Chino.

Petitioner previously filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California.   See Case No. C 15-06000 PSG (PR).   That lawsuit was dismissed in March 2016 for failure to state a claim.   The order of dismissal explains the facts giving rise to the lawsuit and dismissal as follows:

> On November 14, 2014, a three-judge court in Coleman v. Brown, No. 90-cv-520-KJM DAD (PC) (E.D. Cal.), and Plata v. Brown, No. C01-1351 TEH (N.D. Cal.), issued an order directing the State to "implement new parole procedures for non-violent second-strikers by January 1, 2015," by creating "a new parole determination process through which non-violent second-strikers will be eligible for parole consideration by the Board of Parole Hearings once they have served 50% of their sentence."   As a non-violent second striker who had served at least 50% of his sentence, Richardson was eligible for parole consideration under this Coleman/Plata order.   On September 10, 2015, the Board of Parole Hearings considered and denied Richardson parole.
> Richardson's federal complaint asks this court to compel the Board of Parole Hearings to reassess its denial of Richardson's eligibility for parole, and grant him early release.   However, Richardson's complaint fails to state a cognizable claim for relief.   First, Richardson does not assert that the denial of parole violated any constitutional right.   Second, because Richardson is seeking immediate release, rather than an earlier eligibility review or parole hearing, Richardson's claim must be brought in habeas rather than in civil rights. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-01733-CBM (KES) | Date | August 12, 2016 |
| Title | Paul Richardson v. Board of Prison Hearings | | |

though such a claim may come within the literal terms of § 1983."

Richardson v. Bd. of Parole Hearings, 2016 U.S. Dist. LEXIS 34160 (N.D. Cal. Mar. 16, 2016) (footnotes and citations omitted).

      Following this guidance, in June 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the Northern District of California. See Case No. CV 16-3169 BLF (PR). On August 4, 2016, the action was transferred to the Eastern Division of the Central District of California, the forum where Petitioner is presently incarcerated. Upon transfer, the action was assigned case no. ED 16-cv-01733-CBM (KES).

      Like his prior civil rights lawsuit, Petitioner's Petition challenges the decision of the parole board to deny his request for early release. Petitioner asserts the following three grounds for relief: (1) The decision violated his rights under the Eighth Amendment, because he has a medical condition, Valley Fever, for which he cannot obtain appropriate care in prison; (2) The decision violated the Eighth and Fourteenth Amendments, because the board relied on an "illegal risk assessment" in violation of Johnson v. Shaffer, 2016 U.S. Dist. LEXIS 70068 (E.D. Cal. May 26, 2016) (approving class action settlement of claims challenging the constitutionality of the protocol adopted by the parole board for use in the preparation of psychological evaluations to be considered in determining the suitability of class members for parole); and (3) The decision violated his federal rights to equal protection of the law and freedom from unlawful racial discrimination, because "there were more Whites and Asians released from prison under the early release program than qualified Blacks." (Dkt. 1 at 5.)

      All claims in a federal habeas petition must be exhausted before a federal court may grant the petition; if all or some of the claims have not been exhausted, then the petition is subject to dismissal. Rose v. Lundy, 455 U.S. 509, 522 (1982). Exhaustion requires that petitioner's claims be fairly presented to the highest court in a state system even if that court's review is discretionary and even where the claims depend on federal law. O'Sullivan v. Boerckel, 526 U.S. 838, 845–47 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (holding due process claim not exhausted where state petition asserted only erroneous evidentiary ruling). Typically, exhaustion is accomplished by raising a claim either on direct appeal or by filing a petition for writ of habeas corpus in state court. In California, a federal claim is "fairly presented" for purposes of exhaustion "if the petitioner has described the operative facts and legal theory upon which his claim is based" in a filing presented to the California Supreme Court. Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986).

      A petitioner may seek to stay consideration of his federal petition while he pursues the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-01733-CBM (KES) | Date | August 12, 2016 |
| Title | Paul Richardson v. Board of Prison Hearings | | |

unexhausted claims in state court.   Rhines v. Weber, 544 U.S. 269, 278 (2005).
Under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute limitations period for receiving federal habeas review.   Id. at 273–75.   A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics.   Id. at 278.   A petitioner who cannot show "good cause" may also move for a stay pursuant to Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003), but a Kelly stay does not toll the federal statute of limitations.

     Accordingly, **on or before September 30, 2016**, Petitioner shall respond to this Order to Show Cause by explaining when/how his three claims have been exhausted in state court.   If Petitioner concedes that his claims have not yet been exhausted in state court, then alternatively Petitioner may move for a stay under Rhines and/or Kelly.

Clerk's Initials   JD